J-S25044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ALAMO | : | |
| | : | |
| Appellant | : | No. 2973 EDA 2022 |

Appeal from the Order Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0634511-1988

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:             **FILED SEPTEMBER 19, 2023**

Luis Alamo (Appellant) appeals, *pro se*, from the October 6, 2022, order entered in the Philadelphia County Court of Common Pleas, denying his third petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  He seeks relief from the 1990 judgment of sentence imposed following his jury convictions of first-degree murder, conspiracy, corrupt organizations, and possession of an instrument of a crime (PIC).[2]  Appellant claims the PCRA court erred by finding his petition was untimely because he properly invoked the newly-discovered fact exception to the timeliness requirement pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] 18 Pa.C.S. §§ 2502, 903, 911, and 907, respectively.

The relevant facts of this case were summarized by a prior panel of this Court on direct appeal:

Appellant and Henry "Apples" Marbet[1] were members of a drug organization which operated at the intersection of 7th and Butler Streets in North Philadelphia, and which was managed by Fernando "Flocko" Hernandez. . . . In 1987, the 7th and Butler drug organization was expanding its business to South Philadelphia. Robert "Moon" Pigford, the victim, attempted to move in on the South Philadelphia territory. Appellant and Marbet agreed that Pigford had to be killed. . . .

_____

[1] Marbet was tried with [A]ppellant and was convicted of[, *inter alia*, first-degree murder and sentenced to life imprisonment at Criminal Docket No. CP-51-CR-0403461-1988].

_____

In the early morning hours of November 29, 1987, Marbet, accompanied by [A]ppellant, gunned down Pigford on the streets of South Philadelphia. Pigford was shot twice with a .38 calib[er] special ammunition: one shot entered the right side of Pigford's neck and exited through the left side; the other shot hit Pigford in the lower lip, fractured his two front lower teeth, tore the major artery on the left side of his spine, causing a massive internal hemorrhage into his head and neck, and lodged in the first vertebrae of his neck. The police were called and responded immediately, but Pigford had already expired. Subsequently, Marbet and [A]ppellant were arrested and charged with the shooting death of Robert "Moon" Pigford and other charges.

On May 23, 1989, after a lengthy jury trial, [A]ppellant was convicted of murder of the first degree, criminal conspiracy, corrupt organizations, and [PIC]. After a penalty hearing, the jury, finding one aggravating and three mitigating circumstances, directed that [A]ppellant serve a term of life imprisonment for the conviction of murder in the first degree. Post-verdict motions were subsequently filed, argued and denied. [On May 16, 1990, t]he trial court, thereafter, sentenced [A]ppellant as follows: life imprisonment for the murder conviction, a consecutive term of

imprisonment of not less than five years nor more than ten years for the criminal conspiracy conviction, a concurrent term of imprisonment of not less than two and a half years nor more than five years for the possession of an instrument of crime conviction, and a concurrent term of imprisonment of not less than five years nor more than ten years for the conviction of corrupt organizations.

*Commonwealth v. Alamo*, 1736 PHL 1990 (unpub. memo. at 1-3) (Pa. Super. June 17, 1991), *appeal denied*, 600 A.2d 532 (Pa. Nov. 1, 1991). Following his jury conviction and sentencing, Appellant filed a timely direct appeal in June 1991, which was affirmed by this Court on June 17, 1991. The Pennsylvania Supreme Court declined to grant *allocatur* on November 1, 1991. *See id.*

At this juncture, we note that the trial court docket omits all case activity between May 16, 1990, and August 21, 2012.[3] Our research reveals Alamo filed his first PCRA petition, *pro se*, in December 1992, followed by a counseled, amended petition.[4] The PCRA court denied his petition in an order

_____

[3] These omissions were not explained in the certified record and the record had to be reconstructed. The certified docket indicates the reconstructed record was filed on December 6, 2022.

[4] Appellant raised a myriad of ineffective assistance of counsel claims, including: (1) failing to object to improper jury instructions regarding accomplice liability; (2) failing to object to improper jury instructions regarding accomplice intent and PIC; (3) failing to raise an issue concerning Appellant's waiver of his right to testify; (4) failing to challenge the sufficiency of the evidence; (5) failing to object to the admission of a co-conspirator's statement; and (6) failing to object to "other act" evidence outside the conspiracy. *See Commonwealth v. Alamo*, 677 PHL 1995 (unpub. memo.
*(Footnote Continued Next Page)*

on February 7, 1995. A panel of this Court affirmed his petition on November 30, 1995, and Pennsylvania Supreme Court denied his request to grant *allocatur* on September 4, 1996.[5]

Appellant filed a second, *pro se* PCRA petition on August 21, 2012. The matter went dormant until February 29, 2016, when Appellant filed an amended, *pro se* petition. Appellant challenged the constitutionality of his mandatory life sentence without the possibility of parole, invoking **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 577 U.S. 190 (2012).[6] Appellant claimed that his sentence violated both the Eighth Amendment, Article V of the United States Constitution and Article I, Section

_____

at 2) (Pa. Super. Nov. 30, 1995), *appeal denied*, 683 A.2d 886 (Pa. Sept. 4, 1996).

[5] The panel determined Appellant's ineffective assistance of counsel claim failed because his argument concerned **Commonwealth v. Huffman**, 638 A.2d 961 (Pa. 1994), which was not decided until 1994, well after the conclusion of Appellant's trial. The panel concluded counsel could not be deemed ineffective for failing to foresee future developments in the law. **See Alamo**, 677 PHL 1995 (unpub. memo. at 5). The panel also held that Appellant's remaining claims were meritless, based on the record, the applicable law, and the PCRA court's extensive 40-page opinion. **Id.** at 5-6.

[6] Briefly, we note in **Graham v. Florida**, 560 U.S. 48 (2010), the United States Supreme Court held that the Eighth Amendment prohibits life imprisonment without parole (LWOP) for juvenile offenders who did not commit homicide. Then, in **Miller**, **supra**, the Supreme Court concluded that a mandatory sentence of LWOP for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition of cruel and unusual punishments. **See Miller**, 567 U.S. at 465. In **Montgomery**, **supra**, the Supreme Court held that **Miller** applies retroactively. **See Montgomery**, 577 U.S. at 212.

13 of the Pennsylvania Constitution. ***See*** Appellant's Amendment to PCRA, 8/21/12, at 3-5 (unpaginated). Appellant further asserted that his age at the time of the shooting (he was 27 years old) was "of no moment [because] state and federal case law involving equal protection support a conclusion that the circumstances shared between petitioner and his juvenile counterparts require that he be treated similarly." ***Id.*** at 3.

On February 2, 2018, the PCRA court filed a Pa.R.Crim.P. 907 notice, finding: (1) Appellant's petition was untimely; and (2) he was "over the age of [18] at the time of the offense, placing [his] sentence outside the reach of the Supreme Court's ***Miller*** decision." Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 2/2/18. Appellant did not file a response. The PCRA court dismissed the petition on February 28, 2018. Appellant did not file an appeal from the PCRA court's February 28th order.

Rather, Appellant filed a third, *pro se* PCRA petition on March 6, 2020, followed by an amended, *pro se* petition on July 28, 2021. In his amended petition, Appellant requested the PCRA court grant a new trial based on substantive after-discovered evidence, namely two declarations from his co-defendant, Marbet, which "exonerate[ed Appellant] of the murder of Robert 'Moon' Pigford [and proclaimed] that [Marbet] was the sole perpetrator of the shooting on November 29, 1987." Amended Petition to PCRA Petition Filed on March 6, 2020, 7/28/21, at 4. The first declaration from Marbet was undated and stated, in relevant part:

On 03/23/2018, I wrote to the Conviction [I]ntegrity Unit to open an investigation into a claim of actual innocence/wrongful conviction. I . . . would like to withdraw that [a]pplication and I'm pleading guilty of my own free will without any pressure, I don't want your office to waste your time with this case[,] like my co-defendant [Appellant,] many more like him.

I . . . take all the responsibility for death of Robert Pigford. . . . But there is one person that is innocent of Pigford's death. His name is [Appellant]. . . .

He was not there when I shot Pigford. . . . It was not like the witness Beaurfort testified in the trial. It didn't happen like he said, but now it does not matter anymore.

Appellant's Motion for Post Conviction Relief, 3/7/20, at Exhibit A (Declaration of Marbet, undated) (grammatical errors in original). Marbet's second declaration was dated November 25, 2019, and stated, in pertinent part: Appellant "didn't have [anything] to do with Pigford's death, he is innocent of Pigford's death. . . . I am sorry [i]t took me this many years to get the courage to plead guilty for the death of Pigford." *Id.* at Exhibit B (Declaration of Marbet, 11/25/19).[7]

On June 7, 2022, the PCRA court filed a Rule 907 notice, declining to review the merits of Appellant's claim due to his failure to plead and prove an exception to the PCRA's one-year time bar. In the notice, the court stated:

---

[7] Marbet refers to both documents as "sworn" declarations but there is no stamp or an indication that they were sworn before an officer authorized to administer an oath. Nevertheless, we note that an appellant is not required to attach sworn affidavits to his PCRA petition in support of his request for an evidentiary hearing regarding a witness's proposed testimony. *See* *Commonwealth v. Pander*, 100 A.3d 626, 641 (Pa. Super. 2014).

"The fact that [Appellant] did not aid Marbet in the commission of the murder, if true, was not previously unknown. Thus, Marbet's acknowledgment of information known to [Appellant] for decades did not constitute new facts. . . ." Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 6/7/22 (internal quotation marks omitted). Appellant responded on June 27, 2022, alleging that Marbet's new admissions about the shooting were indeed new information, as he previously had been unaware of Marbet's appellate activity. *See* Petitioner's Response to Court's Notice Pursuant to Pa.R.Crim.Proc. 907, 6/27/22, at 1-2. The PCRA court subsequently dismissed Appellant's petition on October 6, 2022. Appellant filed a notice of appeal on October 14, 2022.[8]

Appellant poses the following questions for appellate review:

1[.] Whether [the] PCRA court erred in denying Appellant's post-conviction petition as untimely filed when Appellant established that his "[newly]-discovered facts" claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S.[ §] 9545(b)(1)(ii) and 42 Pa.C.S.[ §] 9545(b)(2)?

2[.] Whether Appellant is entitled to a new trial or remand for an evidentiary hearing based upon the personal documents of co-defendant Henry Marbet, admitting that Appellant did not participate in the murder of Robert "Moon" Pigford, which "[newly]-discovered facts" were provided by Marbet through Appellant's aunt Maria Sanchez, who then made it possible for Appellant to receive these exculpatory statements that triggered the 60 days filing period?

---

[8] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, it did issue a Pa.R.A.P. 1925(a) opinion on October 14, 2022.

Appellant's Brief at 3.[9]

When reviewing the dismissal of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283-84 (Pa. 2016) (internal quotation marks & citation omitted). "[O]ur scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party[.]" **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted). We apply a *de novo* standard of review with respect to legal conclusions. **Id.**

Appellant raises two challenges to the PCRA court's denial of his petition: (1) his newly-discovered evidence claim satisfied the requirements for the PCRA's timeliness exception, and (2) he exercised due diligence and could not have obtained Marbet's declarations at an earlier date. **See** Appellant's Brief at 9-30. Based on the nature of his claims, we will address them together.

_____

[9] We note that at times in his brief, Appellant appears to conflate the concept of a newly-discovered evidence claim with an after-discovered evidence argument. **See Commonwealth v. Williams**, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) (stating that a newly-discovered evidence issue — defined under Section 9545(b)(1)(iii) of the PCRA — is a jurisdictional threshold challenge and does not require a merits analysis, whereas an after-discovered evidence argument — set forth in Section 9543(a)(2)(vi) of the PCRA — is a substantive claim alleging the unavailability of exculpatory evidence at the time of trial that would have changed the outcome at trial if introduced). Here, we must first address the jurisdictional question because the PCRA court found Appellant's petition was untimely filed before we can reach the merits of the substantive claim.

Appellant first states that because he and Marbet did not testify at their trial, "the only testimony submitted was [his] statement to the Philadelphia Homicide detectives that was read to the jury in its entirety, and Marbet's statement to the detectives relating [that] he was [in] South Philly [on] the morning of November 29, 1987[, because] he went there looking for Appellant[.]" Appellant's Brief at 10. Appellant contends: Marbet's "admission has more weight and it is exculpatory in nature because he [was] the sole perpetrator of the murder. [Marbert's] two sworn declaration[s amount to] a confession of guilt that was never brought up before trial, during and after the trial." *Id.* at 12 (emphasis omitted).

Moreover, Appellant alleges that because he "gave a[n] exculpatory statement to the homicide detectives that was read in its entirety to the jury at trial[,]" Marbert's statements reinforce the notion that he was not involved in the shooting. Appellant's Brief at 12. Appellant states the PCRA court should have held an evidentiary hearing to properly determine the credibility of Marbet's declarations and should not have dismissed his petition as untimely "because Marbet's admission brought to light a material fact that was already in evidence before, during and after Appellant's trial [—] his innocence!" *Id.* at 18 (emphasis omitted).

Appellant next argues that he satisfied the due diligence prong of the PCRA time-bar exception. *See* Appellant's Brief at 18. In his brief, he recounts the events that led to the shooting — he drove Marbet to meet

Pigford after Pigford stole drugs from Appellant, but he did not know Marbet had a gun. *Id.* at 19-23. Appellant stated that following his arrest, he initially entered into an agreement with Marbet, whereby Marbet would tell the authorities that Appellant was not involved in the shooting, but Marbet later changed his mind and implicated both in the murder. *Id.* at 25-27. Appellant alleged that he then distanced himself from Marbet as they became "enemies" and requested a transfer to a different prison facility. *Id.* at 27-28. He stated the ex-husband of his aunt met Marbet in prison and they discussed the case; thereafter, Marbet decided to write the two declarations. *Id.* at 28-29. Appellant avers that "until [M]arbet decided to write these [declarations,]" any effort by Appellant to procure this kind of admission from his co-defendant at earlier point was an "impossibility." *Id.* at 29-30.

Preliminarily, we note "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted).

As mentioned above, Appellant's arguments touch upon this Court's jurisdiction to review the matter. Therefore, before reaching the merits of Appellant's claim, we must determine whether this appeal is properly before us.

The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition.  In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.  The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final.  A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant's judgment of sentence was imposed on May 16, 1990, his direct appeal was denied by this Court on June 17, 1991, and the Pennsylvania Supreme Court declined to grant *allocatur* on November 1, 1991. Therefore, Appellant's judgment of sentence became final for PCRA purposes on Thursday, January 30, 1992, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of his appeal and the time for filing a writ of *certiorari* with the United States Supreme Court expired.  *See* U.S. Sup. Ct. R. 13.  Accordingly, Appellant had one year from that date — or until February 1, 1993[10] — to file a timely PCRA petition.  *See* 42 Pa.C.S. §

---

[10] The one year mark, January 30, 1993, fell on a Saturday; therefore, Appellant had until Monday, February 1st, to file a PCRA petition.  *See* 1 Pa.C.S. § 1908 (for purposes of computing time, when last day of period falls on a weekend or legal holiday, such day is omitted from computation).

*(Footnote Continued Next Page)*

9545(b)(1). Because Appellant filed his petition on March 7, 2020, approximately 27 years after his judgment of sentence became final, the petition is facially untimely.

The PCRA, however, allows a defendant to file a petition after this period when they plead and prove the following relevant timeliness exception:

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, a petitioner pleading one of the timeliness exceptions must be filed within one year of the date the claim could have been presented.[11] 42 Pa.C.S. § 9545(b)(2). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

_____

We also recognize the 1995 amendments to the PCRA provided that a petitioner whose judgment of sentence became final on or before January 16, 1996, had a one-year grace period from the effective date of the 1995 amendments to file a first-time PCRA petition. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 n.2 (Pa. 2010). The present petition, however, was Appellant's third, and, in any event, was filed more than 20 years after the amendments went into effect.

[11] Until 2018, Section 9545(b)(2) required a petitioner to invoke a timeliness exception within 60 days. However, in 2018, the time period was extended to one year. *See* 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 3. The Act amending Section 9545(b)(2) provides that the one-year period applies only to timeliness exception claims arising on or after December 24, 2017. *See* Act of October 24, 2018, P.L. 894, No. 146, § 3. Appellant alleges his claim arose in 2019, when Marbet wrote the declarations. Therefore, the amendment to Section 9545(b)(2) governs the present matter.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Additionally, the Pennsylvania Supreme Court previously explained that "[t]he focus of the [Section 9545(b)(1)(ii)] exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, & emphasis omitted). "The law does not require a 'nexus' between the newly-discovered facts and the conviction or sentence for purposes of satisfying the timeliness exception requirements of the PCRA." ***Commonwealth v. Blakeney***, 193 A.3d 350, 366 (Pa. 2018). The exception "does not require any merits analysis of the underlying claim[.]" ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (citation omitted).

Here, Appellant attempts to satisfy the newly-discovered fact exception by relying on Marbet's two declarations. In denying relief, the PCRA court explained its reasons for rejecting his "newly discovered facts" claim:

> [Appellant] claimed he recently discovered the "fact" that he did not act as an accomplice to the 1987 murder of Robert Pigford. In support of this new fact, he appended two letters from his convicted co-defendant, Henry Marbet, which aver that [Appellant] had nothing to do with the murder.

- 13 -

First, the fact that [Appellant] did not aid Marbet in the commission of the murder, if true, was not previously unknown. Thus, Marbet's acknowledgment of information known to [Appellant] for decades did not constitute new 'facts' satisfying subsection 9545(b)(1)(ii). . . .

Second, even if [Appellant] was unaware of his non-involvement, he failed to even acknowledge, much less satisfy, the due diligence prong of subsection 9545(b)(1)(ii). [Appellant] stated that he and Marbet were associates in a drug-selling enterprise. Despite their collaborative history, [Appellant] failed to even attempt to demonstrate that he could not, with the exercise of due diligence, have obtained a statement from Marbet for over three decades. Specifically, [Appellant] neither detailed any efforts made to contact Marbet nor explained why such efforts would have been unsuccessful. This omission was also fatal to [Appellant]'s attempt to meet his burden of proof under subsection 9545(b)(1)(ii).[4]

_____

[4] Even if [Appellant] made the requisite showing for purposes of subsection 9545(b)(1)(ii), no relief would be due. Specifically, [Appellant] failed to demonstrate that his co-defendant's post-sentence admission would have changed the outcome at trial. Pennsylvania courts have long held that affidavits by co-defendants subsequent to the co-defendant's conviction and sentencing are unreliable. **Commonwealth v. Frey**, 517 A.2d 1265, 1268-69 (Pa. 1986) ("We have long recognized that post-verdict accomplice testimony must be viewed with a jaundiced eye."). Like the alleged exculpatory witness in **Frey**, Marbet had nothing to lose by implicating himself to aid [Appellant]'s cause. Marbet had already been convicted and sentenced. **See Commonwealth v. Marbet**, 593 A.2d 913 (Pa. Super. 1991)[, *appeal denied*, 602 A.2d 857 (Pa. 1992)].

PCRA Ct. Op., 10/6/22, at 1-2 (unpaginated; record citations & some footnotes omitted).

We disagree with the PCRA court's determination that Appellant failed to satisfy the "newly-discovered fact" exception. As alleged in his PCRA petition, Appellant's "new fact" is Marbet's **willingness to admit** that he was the sole perpetrator, and that Appellant was not involved Pigford's murder. Moreover, Appellant alleges he could not have presented Marbet's "new" admission before 2019 because Marbet had never made these statements before. Appellant promptly presented the claim once he received the declarations and timely filed his 2020 PCRA petition. Based on these allegations, Appellant arguably has invoked the newly-discovered fact exception as the facts, upon which his claim is predicated, were unknown to him and could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii). We reiterate that the newly-discovered fact timeliness exception "does not require any merits analysis of the underlying claim[.]" *Small*, 238 A.3d at 1286 (citation omitted).

We now proceed to Appellant's substantive PCRA claim concerning after-discovered evidence — Appellant maintains Marbert's recent statements demonstrate Appellant was not involved in Pigford's death and should be given greater weight as they are exculpatory in nature because Marbet declared he was the sole perpetrator of the murder. *See* Appellant's Brief at 12.

> After-discovered evidence is a recognized ground for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vi). Relief is due when the proponent can "demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach

- 15 -

the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). Failure to satisfy any one prong is fatal to the claim. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1180 (Pa. 2015) ("As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones.").

***Commonwealth v. Crumbley***, 270 A.3d 1171, 1178 (Pa. Super. 2022), *appeal denied*, 284 A.3d 884 (Pa. 2022).

Here, Appellant's claim fails for several reasons. First, Appellant has not met his burden regarding the first prong — that he could not have obtained the underlying evidence prior to the conclusion of the trial by the exercise of reasonable diligence. Indeed, the substantive information provided in Marbet's declarations was known by both Marbet and Appellant at the time of their trial. Therefore, one cannot reasonably conclude that Appellant could not have obtained this evidence until after the conclusion of the trial. Indeed, in his brief, Appellant acknowledged he and Marbet entered into a pact, in which Marbet initially agreed to state Appellant was not involved in the matter. ***See*** Appellant's Brief at 25-27. Appellant would have known on the day of the shooting and at trial that he did not fire the gun that killed Pigford or was involved in the incident. ***See Commonwealth v. McClucas***, 548 A.2d 573, 576 (Pa. Super. 1988) (concluding victim's recantation statement did not qualify as after-discovered evidence because defendant would have known that victim committed perjury at trial). Therefore, Appellant has not

demonstrated that he exercised "reasonable diligence" in obtaining this information. *See Crumbley*, 270 A.3d at 1178 (citation omitted).

Moreover, Appellant failed to establish the fourth prong — the after-discovered evidence would likely result in a different verdict if a new trial were granted. As mentioned by the PCRA court,[12] courts of this Commonwealth have previously held that affidavits submitted by co-defendants following their convictions and sentencings are unreliable. *See Commonwealth v. Washington*, 927 A.2d 586, 597 (Pa. 2007) (concluding PCRA court properly rejected co-defendant's confession based on lack of credibility when co-defendant had previously been convicted and "had nothing to lose in contradicting his pre-trial statement"); *Commonwealth v. Frey*, 517 A.2d 1265, 1269 (Pa. 1986) ("We have long recognized that post-verdict accomplice testimony must be viewed with a jaundiced eye."); *Commonwealth v. Scott*, 470 A.2d 91, 94 (Pa. 1983) ("[P]ost-verdict accomplice testimony should be considered with caution."). Marbet had already been convicted, sentenced, and denied appellate relief when he provided the two declarations. *See Marbet*, *supra*. Thirty years later, he had nothing to lose by backpedaling and now declaring solitary culpability. Based on these circumstances, it was reasonable for the PCRA court to question the legitimacy and source of Marbet's declarations.

_____

[12] PCRA Ct. Op. at 2 n.4 (unpaginated).

It also merits mention that in one of Marbet's declarations, he indicated that he had previously written to the Conviction Integrity Unit in 2018 about investigating his **own** innocence. **See** Appellant's Motion for Post Conviction Relief, 3/7/20, at Exhibit A (Declaration of Marbet, undated). The unreliability of Marbet's declarations in establishing Appellant's innocence when he, himself, proclaimed innocence two years earlier leads us to conclude that the PCRA court did not err in finding this admission of evidence likely would not have resulted in a different verdict. **See Crumbley**, 270 A.3d at 1178; **see also** PCRA Ct. at 1 n.4.

Accordingly, because Appellant failed to demonstrate two prongs of the "after-discovered evidence" test, we find the PCRA court did not err or abuse its discretion by dismissing his petition without an evidentiary hearing.[13]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2023

---

[13] It is well-settled that we may affirm on any basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).